## SORENSON VS. DUNDAS.

*October 12 — November 10, 1880.*

*False Imprisonment: Court and Jury: Damages.*

1. In this action for false imprisonment, the evidence (for which see the opinion) is *held* sufficient to sustain a finding by the jury that defendant restrained plaintiff of his liberty.
2. As defendant did not assume to arrest plaintiff for the felony alleged against him, the question whether he had reasonable ground to believe that plaintiff had been guilty of such felony is probably not in the case; but if otherwise, the court, in the actual state of the evidence upon that question, did not err in submitting it *to the jury*.
3. The restraint of plaintiff's liberty was for about half an hour, in his own house; the evidence tended to show fright and mental distress on plaintiff's part; and the jury might have found that defendant's conduct was oppressive and malicious. *Held*, that a verdict of $250 cannot be treated as excessive, even if considered as compensation only; and that the jury were at liberty to give punitive damages.

APPEAL from the Circuit Court for *Jefferson* County.

Action to recover damages for the alleged false imprisonment of the plaintiff by the defendant. The complaint alleges that on the 19th of May, 1876, the defendant "maliciously and with intent to injure the plaintiff, did, by force and threats, at a house and in a certain room therein where the plaintiff then resided, detain him against his will, and then and there restrained him of his liberty for the space of half an hour." The complaint alleges further that such imprisonment was unlawful, and other facts are therein stated by way of increasing damages. In addition to a general denial, it is stated in the answer of defendant that a sum of money had been stolen from him shortly before the said 19th of May; that for reasons stated in the answer the defendant suspected and believed that the plaintiff had stolen it; that thereupon he obtained a warrant from a justice of the peace authorizing a search of plaintiff's premises; that, at the request of the officer to whom the warrant was delivered for execution, the

defendant went with him to plaintiff's premises; that upon search they found a sum of money which defendant believes was the same stolen from him; and that plaintiff confessed that he stole it, and voluntarily gave it to the defendant.

On the trial, it appeared that when the search-warrant was being executed, and before the money was found, the plaintiff and defendant had an interview inside the house with the door closed, the officer remaining on the outside; and the unlawful imprisonment complained of is alleged to have occurred during that interview. The evidence shows that the plaintiff was not taken into custody by virtue of the mandate to arrest contained in the search-warrant. The court submitted to the jury the question whether or not the defendant then and there restrained the plaintiff of his liberty. The court also instructed the jury that if the defendant's money was stolen, and if he had good reason to believe that the plaintiff stole it, he had lawful authority to arrest the plaintiff therefor without process. The jury found for the plaintiff and assessed his damages at $250. A motion for a new trial was denied, and judgment was entered pursuant to the verdict. The defendant appealed from the judgment.

For the appellant there was a brief by *I. W. & G. W. Bird* and *Vilas & Bryant*, and oral argument by *Wm. F. Vilas.*

For the respondent there was a brief by *Welch & Botkin,* with *H. M. Lewis* of counsel, and oral argument by *Mr. Welch.*

LYON, J. 1. The learned counsel for defendant maintained in his argument that there was no evidence tending to prove that the defendant in any manner restrained the plaintiff of his liberty, and hence that it was error to submit that question to the jury. We think the position untenable. The plaintiff testified as follows: "In the afternoon of May 19th I was working away from home. Bilstead, a constable, came and showed a paper and said I must come with him to my house.

I went; found defendant at my house. He said he wanted to go in and talk with me. I unlocked the door, and he and I went in. He told me I had stolen his money, $30, and wanted me to own it up. I told him I could not own up what I had not done. He said if I didn't he would take me to state's prison for seven years, and if I came to state's prison I would get crazy, and it would break my heart. He looked awful — very ugly. He took off his coat when he came in. He stamped the floor. I was sitting in a chair; defendant sometimes sat on a chair, and sometimes stood up. I told him I would go out to Butler's and swear I never took his money, *and he wouldn't let me go.* It seems to me a very long time I was there with him. Couldn't tell you exactly how long; seemed nearly a day — a fearfully long time. I was frightened — didn't know myself, because he commenced with such things that I didn't know anything about. Don't remember as anything else occurred there. Bilstead was outside during this time. I hallooed to him to come in, but defendant wouldn't let him come in, and after a while he came in." This testimony is corroborated to some extent by that of the constable, who testified, among other things, that defendant took plaintiff into his (plaintiff's) room and shut the door. That the testimony tends to show personal restraint of the plaintiff by the defendant we cannot doubt.

2. We think that if the question whether the defendant had reasonable ground to believe that the plaintiff had committed a felony, is in the case, it was not error to submit that question to the jury. Counsel argued that the question was one of law, to be determined by the court. We do not think that the evidence pointing to the plaintiff's guilt is so strong and convincing that the court would have been justified in taking the question from the jury. But probably the question is not in the case, for the reason that there is no proof that defendant assumed to arrest the plaintiff for the alleged felony. Indeed, the defendant denies that he made any arrest. If he

Sorenson vs. Dundas.

did restrain the plaintiff of his liberty, it was only to obtain from the latter confession and restitution; not to bring him to trial for the alleged crime.

3. The jury assessed the plaintiff's damages at $250. If his testimony above quoted is true, we cannot say that the damages are so excessive as to show that the verdict was the result of passion or prejudice, or any improper feelings or motives, on the part of the jurors. Upon the evidence the jury may properly have found, not only that there was no reasonable ground for believing that the plaintiff committed the felony charged, but also that the conduct of the defendant in restraining the plaintiff of his liberty was oppressive and malicious. In such case exemplary damages might properly be given. In this respect the case is entirely unlike that of *Rogers v. Henry*, 32 Wis., 327, in which case the evidence furnished no ground for the presumption of actual malice on the part of the defendant.

Moreover, the mental suffering, fright and distress of the plaintiff caused by his unlawful imprisonment by the defendant on the charge of larceny, and the accompanying threats and menaces (which are of the *res gestæ*), are proper grounds for compensatory damages. Considering the case as one for compensatory damages only, it would be difficult to say that the jury awarded excessive damages. *Craker v. Railway Co.*, 36 Wis., 657.

The foregoing views dispose of all the alleged errors relied upon to reverse the judgment, adversely to the defendant.

*By the Court.*— Judgment affirmed.