## MURPHY vs. MARTIN.

*September 8 — September 25, 1883.*

APPEAL TO S. C. *(1) Statements in bill of exceptions treated as verities. (3, 4) New issues will not be formed*

FALSE IMPRISONMENT. *(2) Must be without legal process.*

MALICIOUS PROSECUTION. *(5, 6, 8) Probable cause: evidence.*

INSTRUCTIONS TO JURY. *(7) Indefiniteness, when may be alleged as error.*

1. A statement in the bill of exceptions that "before the defendant entered upon his proofs the court was given to understand that [one of the causes of action stated in the complaint] was not insisted upon," must be treated by this court as a verity, and the plaintiff cannot, without having the record corrected, assign error in the manner of submitting, or in the failure to submit, to the jury, the issue upon that cause of action.

2. An imprisonment, even though caused by a malicious prosecution, is not *false* unless extra-judicial or without legal process.

3. Upon appeal this court will deal with the issues made by the pleadings and actually tried and submitted, and will not form new issues.

4. Thus, where a complaint charged a malicious prosecution merely and no application was made to the court below for an amendment to make it applicable to a false imprisonment, this court will not, on the ground that the evidence showed a false imprisonment, reverse a judgment against the plaintiff.

5. The plaintiff in an action for malicious prosecution having, with another person, taken cattle from the possession of the defendant on a highway in Illinois, and the statute of that state providing that "if two or more persons actually do an unlawful act, with force or violence, against the person or property of another . . . or even do a lawful act in a violent or tumultuous manner, the persons so offending shall be deemed guilty of a riot," etc., an instruction that "if one in the possession of cattle, as he supposes rightfully, is accosted in the highway, and the cattle wrested from his possession by strong hands, with tumult and violence, he has a right to suppose that a criminal offense has been committed, and has a right to complain of it," is *held* not erroneous.

6. An action for a malicious prosecution cannot be maintained, even though express malice be shown, if the defendant had good reason

Murphy vs. Martin.

to believe and did believe, when he made complaint, that the plaintiff had committed the offense charged.

7. A party who fails to ask more definite instructions is in no position to urge error on account of indefiniteness or inaptness of expression in the instructions given.

8. In an action for a malicious prosecution for the violent and tumultuous taking of the property by the plaintiff from the possession of the defendant, whose claim thereto is based upon the theory that the mortgage under which the plaintiff claims is fraudulent, evidence to show that such mortgage is, in fact, fraudulent, is material in determining whether the prosecution was malicious and without probable cause.

APPEAL from the Circuit Court for *Richland* County. The case is thus stated by Mr. Justice CASSODAY:

"Three causes of action are alleged in the complaint: (1) One for falsely, maliciously, and without any reasonable or probable cause whatever, making a complaint and information on oath to a justice of the peace in Illinois, whereupon, and according to the prayer of the defendant, a warrant was issued by the justice and the plaintiff arrested thereon for robbery, November 21, 1877, and taken before the justice and there prosecuted by the defendant upon such complaint and information; and upon such prosecution was in due manner, by due course of law, acquitted of the premises and duly discharged therefrom, November 22, 1877. (2) One for falsely, maliciously, and without any reasonable or probable cause whatever, making a similar complaint and information on oath to the justice, praying for a warrant, and upon which a warrant was issued, and the plaintiff again arrested, November 22, 1877, and brought before the justice, who required him to give bail for his appearance at a circuit court in that state, and which bail was given, and in which court the defendant caused and procured the plaintiff to be indicted for a riot, and upon which indictment the plaintiff was tried by the procurement of the defendant in said circuit court according to the form of the statute in such case

made and provided, and was in due manner and in due course of law acquitted of the premises, and discharged of and from the premises in the said indictment specified. (3) One cause of action for slandering the plaintiff, in stating that he had stolen certain property named.

" The answer admits the several complaints, warrants, arrests, examinations, indictment, trial, and discharges, and besides a general denial, except as admitted, denies specially that such arrests, etc., were made or caused by the defendant, either falsely, maliciously, or without reasonable or probable cause for so doing, and also sets up special matter in defense to each of the alleged causes of action."

The bill of exceptions states that on the trial, " before the defendant entered upon his proofs, the court was given to understand that the question of slander was not insisted upon." · There was a verdict for the defendant and from the judgment entered thereon the plaintiff appealed.

For the appellant there were briefs by *Michael Murphy* and *Eastland & Son*, and the cause was argued orally by *Mr. Murphy* in person.

For the respondent the cause was submitted on the brief of *Black & Burnham*.

CASSODAY, J.. The plaintiff, having expressly waived any claim for damages by reason of the alleged slander, prior to the submission of the case to the jury, as appears from the bill of exceptions, is in no position to assign error in the manner of submitting, or the failure to submit, that issue to the jury. Such statement in the record must be treated by this court as a verity. If counsel differed with the learned trial judge in regard to the truth of this statement, as he claims, his remedy was to have the record corrected prior to the hearing on this appeal.

The distinction between malicious prosecution and false imprisonment is clearly pointed out in one of the cases cited

by counsel for the appellant. *Colter v. Lower*, 35 Ind., 285. It is there said: "If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment." Manifestly, this is the true distinction. The first, as well as the second, cause of action alleged in the complaint before us, charges imprisonment under legal process commenced and carried on maliciously and without probable cause, and hence is for malicious prosecution. Counsel claims, however, that the first cause of action alleged is sufficient for an illegal arrest and false imprisonment, and cites the case above referred to, and *Sorenson v. Dundas*, 50 Wis., 335, in support of it. The first case is clearly against him, and the second case seems to be clearly distinguishable, for it was there expressly alleged that the "imprisonment was unlawful." Here there is no allegation indicating that the arrest or imprisonment was extra-judicial or without legal process. On the contrary, according to the allegations, they were both upon complaint duly made, warrant regularly issued, and proceedings, examination, and trial regularly had according to the forms of law. Such arrest and imprisonment were confessed in the answer, and the only issue was whether they were malicious. The jury found that issue against the plaintiff. The jury having thus found against the plaintiff upon the only issue submitted, he is now in no position to insist that the verdict should have been in his favor upon a cause of action which the evidence shows he might have alleged, but did not.

There does not seem to have been any application to the trial court to amend the first cause of action alleged in the complaint so as to cover false imprisonment upon an illegal process, nor to submit such issue to the jury, assuming that such an amendment or submission was permissible. The discretionary power of allowing such amendment, or submitting

such an issue under the evidence admitted, if any existed, was in the trial court — certainly not in this court. The province of this court is to correct errors of the trial court, and not to form new issues and then hold upon such issues there had been a mistrial. The theory of false imprisonment upon illegal process seems to have been an afterthought. The instructions given seem to have had no relation to such a cause of action, and none were asked having any bearing upon such an issue. The plain inference is that no illegality was discovered in the process or proceedings until after the trial. But this court must deal with the issue actually tried and submitted, and not such as might have been but were not. That issue was malicious prosecution. Upon the submission of that issue we find no such material error as should work a reversal.

Nearly every portion of the charge is excepted to. It will not be expected that each of these numerous exceptions will be noticed. There seems to be no plausible ground for urging error as to any of them, unless it be the seventeenth and eighteenth. They read as follows: "17. If one in possession of cattle, as he supposes rightfully, is accosted in the highway, and the cattle wrested from his possession by strong hands, with tumult and violence, he has a right to suppose that a criminal offense has been committed, and has a right to complain of it. 18. To hold him liable in such case ought to require very positive proof of express malice, as well as very certain proof that he had very good reason for believing that the force and violence was not a violation of the criminal law."

The plaintiff was claiming the right to the possession of the cattle in question under a chattel mortgage given by the witness Horace G. White. The defendant claimed the right to the cattle under an attachment against White, and a receipt given for the same to the sheriff who executed the attachment. The plaintiff and another person had taken

the cattle from the defendant in the public highway in Illinois. The seventeenth instruction relates to such taking in the hypothetical case put; that is, if the defendant was at the time in the peaceful, and as he supposed rightful, possession of the cattle, then, under the statute of Illinois, in evidence, the wresting of them from his possession by strong hands, with tumult and violence, would give him the right to suppose that a criminal offense had been committed, of which he had a right to complain. That statute reads as follows: "If two or more persons actually do an unlawful act, with force or violence, against the person or property of another, with or without a common cause of quarrel, or even do a lawful act in a violent or tumultuous manner, the persons so offending shall be deemed guilty of a riot, and shall severally be fined not exceeding $200, or confined in the county jail not exceeding six months." Sec. 249, ch. 38, R. S. of Ill., 1877 (Hurd). Under such circumstances, and with that statute, the giving of the instructions cannot be regarded as error or misleading. The eighteenth instruction only relates to holding the defendant liable for malicious prosecution "in such case;" that is, in the case above supposed. If the defendant had probable cause for believing, and did believe, that the plaintiff and the other person mentioned had committed the criminal offense referred to in the statute, then he was not precluded from making complaint of the same before a proper officer of the law, merely because he had malice against the offenders, or one of them. On the contrary, it was his duty in the supposed case to make such complaint, and the right to make it would not be taken away by showing express malice by very positive proof.

The last part of the eighteenth instruction is more mixed and confused. The substance and meaning of it seems to be that in the hypothetical case mentioned in the seventeenth instruction the defendant would have the right to suppose

that a criminal offense had been committed, and to complain of it, unless there was very certain proof that he had good reason for believing that the force and violence referred to in that instruction, and mentioned in that statute, was not a violation of the criminal law. True, the precise meaning which the learned circuit judge intended to convey is not very obvious, but this want of precision should not work a reversal. The remedy of the plaintiff was to ask a more definite instruction, if he desired it. Having failed to ask a more definite instruction, he is in no position to urge error on account of the inaptness of expression in the one that was given.

The only other point deserving consideration is the overruling of the objection to White's deposition. We are inclined to think that the evidence was admissible. The defendant's claim under the attachment to the property covered by the mortgage was based upon the theory that the mortgage had been given by White in fraud of his creditors, of whom the defendant was one. The defendant states the grounds of his suspicion, and why he thought there was something wrong about the mortgage. The testimony of White tended to show that such suspicions were well founded, and hence was material in determining whether the arrest was malicious and without probable cause. Being material, it was admissible.

*By the Court.*— The judgment of the circuit court is affirmed.