REINKE, Respondent, vs. BENTLEY, imp., Appellant.

*May 18 — June 20, 1895.*

*Liability of master for negligence of servant: Scope of employment: Disregard of instructions: Damages.*

1. Defendant's foreman, having general charge of the work on a building and particular charge of moving the derricks, stretched a guy rope across an adjacent railroad track to aid in taking down a derrick, and plaintiff, a switchman, was caught by the rope and thrown from the top of a freight car moving on the track. *Held,* that the foreman was acting within the scope of his employment, although he had disregarded instructions to call upon a derrick specialist for assistance when taking down a derrick.

2. In an action for personal injuries, permanent in their character, caused by defendant's negligence, it was not error to charge the jury that in assessing the damages they might consider the injury to plaintiff's feelings, the physical pain and suffering that he had endured, and also his mental suffering by reason of the injury and the anxiety of mind that it might have cost him.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

It is alleged in the complaint, in effect, that on and prior to June 28, 1893, the plaintiff was a switchman at Milwaukee, in the employ of the defendant Chicago, Milwaukee & St. Paul Railway Company; that it was his duty, as such, frequently to stand on the top of box freight cars in motion, in order to set and loosen the brakes thereon, which projected above the tops of said cars; that the defendant *Bentley,* who is a contractor, was building a certain large building near the place of the accident, and one of his employees, Herman Kronebnegel, his foreman, suspended a rope across one of the tracks of said railroad which was in constant and common use by the company, called a "guy rope," one end of which was made fast to the top of a derrick on one side of the track, and the other end made fast to some movable object on the other side of the track, and that the rope was

at such height above the track as to strike a person standing
on such freight car; that the plaintiff, while standing on
such car, moving toward the rope and not observing the
same, was caught by the rope and thrown off the car and
badly injured; and he brings this action to recover damages
by reason of such injury.   The defendants separately an-
swered, the defendant *Bentley*, in effect, by a general denial.

At the close of the trial the court granted a nonsuit as to
the railway company, and the jury returned a special ver-
dict, as against the defendant *Bentley*, to the effect, (1) that
Herman, so called, and those who assisted him, were guilty
of negligence which caused the injury to the plaintiff, in
placing the rope across the railway track; (2) that there
was no want of ordinary care on the part of the plaintiff
which contributed to the injury in question; (3) that the
jury assess the plaintiff's damages at $5,000; (4) and by the
direction of the court the jury find that, at the time that
said Herman put up the rope across the track of the rail-
way company, he was acting in the scope of his employ-
ment for the defendant *Bentley*.   From the judgment entered
thereon in favor of the plaintiff the defendant *Bentley* ap-
peals.

*J. A. Eggen*, for the appellant.

For the respondent there was a brief by *Timlin & Glicks-
man*, and oral argument by *Nathan Glicksman*.   As to the
responsibility of the appellant for the act of his foreman,
and to the point that, there being no conflict in the evidence,
the question was one for the court, they cited *Philadelphia
& R. R. Co. v. Derby*, 14 How. 468; *Spaulding v. C. & N.
W. R. Co.* 33 Wis. 582; *Rosecranes v. I. & M. Tel. Co.* 65
Iowa, 444; *Cosgrove v. Ogden*, 49 N. Y. 255; *Phelon v.
Stiles*, 43 Conn. 426; *Mound C. P. & C. Co. v. Conlon*, 92
Mo. 221; *Pittsburgh, C. & St. L. R. Co. v. Kirk*, 102 Ind.
399; 14 Am. & Eng. Ency. of Law, 810, and cases in note 4;
Id. 817, and cases in note 3; *Heenrich v. Pullman P. C. Co.*

20 Fed. Rep. 100–107; *Ramsden v. B. & A. R. Corp.* 104 Mass. 117; *Fick v. C. & N. W. R. Co.* 68 Wis. 469.

CASSODAY, J. The accident happened about 5 o'clock in the afternoon. The side track upon which the cars were moving was three or four feet from the building upon which the appellant's men were working, and the main track was fifteen or twenty feet from the building.

1. The appellant's foreman, Herman, was sworn as a witness in behalf of the plaintiff. Error is assigned because the court refused to allow him, on cross-examination by the appellant's counsel, to testify as to whether *Mr. Bentley* said to him that when he had finished he should get the derrick man to take that derrick down. Such testimony was properly excluded as not being cross-examination. Besides, it is of no consequence, since *Mr. Bentley* testified as to just what he did tell him, and that evidence is undisputed.

2. Error is assigned because the court charged the jury to the effect that, in considering what would compensate the plaintiff for his injury, they might consider the injury to his feelings, the physical pain and suffering that he had endured, and also the mental suffering by reason of the injury that he received and the anxiety of mind that it might have cost him. The injuries were a fracture and dislocation of the spinal column, and were permanent. The charge is supported by numerous decisions of this court. *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *Wightman v. C. & N. W. R. Co.* 73 Wis. 169; *Grace v. Dempsey*, 75 Wis. 313.

3. The jury were certainly justified in finding that Herman, and those who assisted him in placing the rope across the track, were guilty of negligence which caused the injury, and that the plaintiff was free from any contributory negligence. So much is, in effect, conceded. But error is assigned because the court directed a finding by the jury to

the effect that, in putting the rope across the track, Herman was acting within the scope of his employment for *Mr. Bentley.* That he was at the time acting as foreman, and that he, with the men under his charge, put the rope across the track to aid in taking down the derrick, is conceded. The appellant testified to the effect that Herman had worked for him seven or eight weeks before the accident; that he hired him particularly to take charge of this elevator work; that he was to see to the elevator building, to keep track of labor employed on that building, to see that the work was kept in line, and square, and in its right place; that this particular derrick was operated by steam; that Herman had general charge of the work, in the absence of *Mr. Bentley;* that the derricks were maintained in accordance with *Mr. Bentley's* instructions and direction; that Herman had the particular charge of moving these derricks; that he (*Bentley*) told Herman that whenever he changed derricks, or wanted any assistance in putting one up or taking it down, to be sure and call on Druss, the specialist on derricks, for assistance. The mere fact that Herman so far disregarded such instruction as to stretch the rope over the track, as a means employed by him in taking down the derrick, without the presence of Druss, did not prevent the act of so stretching the rope being within the scope of his employment. *Spaulding v. C. & N. W. R. Co.* 33 Wis. 582; *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Fick v. C. & N. W. R. Co.* 68 Wis. 469; *Rogahn v. Moore M. & F. Co.* 79 Wis. 573. Thus, in an English case, a servant employed by the defendants to drive their omnibus, contrary to their express directions drew his omnibus across the road in front of a rival omnibus of the plaintiff, to obstruct the passage of the latter, and in so doing ran against and injured the plaintiff's omnibus; and it was held that the instructions given by the defendants to the driver, not to obstruct other omnibuses, were immaterial as to the question of the master's liability. *Lim-*

*pus v. London G. O. Co.* 32 Law J. Exch. 34; *S. C.* 1 Hurl. & C. 526. See, also, *Whatman v. Pearson,* L. R. 3 C. P. 422; *Burns v. Poulsom,* L. R. 8 C. P. 563; *Cosgrove v. Ogden,* 49 N. Y. 255; *Mound City P. & C. Co. v. Conlon,* 92 Mo. 221. Upon the undisputed evidence, we are constrained to hold that, in stretching the rope across the track, Herman acted within the scope of his employment.

We find no error in the record.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.