Bryan vs. Adler and another.

BRYAN, Appellant, vs. ADLER and another, Respondents.

*September 9 — September 28, 1897.*

*Civil rights: Liability of keepers of restaurants.*

1. The keepers of a public restaurant, whose waiter refuses to serve a customer simply because he is a colored man, is, under ch. 223, Laws of 1895, liable in damages to the person aggrieved, even though the refusal was wilful and in direct violation of the master's command, and he neither sanctioned it at the time nor afterward ratified it,— the wrongful act being strictly within the scope of the waiter's employment.

2. Although said ch. 223, Laws of 1895, adds nothing to the rights and privileges secured by the amendment to the constitution of the United States (art. XIV, sec. 1), by which the states are prohibited from abridging by law the privileges or immunities of citizens of the United States, yet it prohibits keepers of hotels, restaurants, etc., from doing such acts as are prohibited to the state, and makes any offender liable in damages to the person aggrieved.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

The case sufficiently appears in the opinion.

*G. W. Hazelton,* for the appellant.

For the respondents there was a brief by *Austin & Fehr,* and oral argument by *W. H. Austin.* They contended that the statute defining the offense, by designating one class of persons as subject to its penalties, exonerates all others. *Howell v. Stewart,* 54 Mo. 400; *State v. Jaeger,* 63 id. 403; 23 Am. & Eng. Ency. of Law, 447. This statute expressly designates as such the person who denies the accommodation or who incites or aids in its denial, and cannot apply to one who is not himself guilty of the offense. *Brooks v. State,* 88 Ala. 122; *U. S. v. Ten Cases of Shawls,* 2 Paine, Cir. Ct. 162; 23 Am. & Eng. Ency. of Law, 382.

CASSODAY, C. J. The complaint alleges, in effect, that on and prior to October 30, 1895, the defendants were conduct-

Bryan vs. Adler and another.

·ing a public eating house and saloon in Milwaukee; that on that day the plaintiff and another entered said eating house for the purpose of being served, and seated themselves at ·one of the tables provided for patrons, and waited some forty minutes for some one to take their order; that, on inquiry, ·they were informed by the defendants that their order was not taken because the plaintiff was a colored man, whereupon they.left, and went elsewhere for supper; that, by such failure and refusal to.take the plaintiff's order, ·the defend- ·ants wrongfully and unjustly denied to the plaintiff the equal enjoyment and privilege of their said eating house, without valid reason or excuse, and by an unjust and illegal discrimination, based wholly on color, to his damage in the sum of ·$500.

The answer in effect admits that the defendants conducted ·such saloon and restaurant at the time mentioned; that they had many hundreds of patrons and many employees, and ·could not give personal attention to all their guests; that the plaintiff, a colored man, and his friend, a white man, were served with breakfast at their restaurant on the morning of that day; that about supper time they returned, and, .after remaining in the restaurant a short time, the plaintiff complained to the defendants that he had not been served; that the defendants thereupon requested one of their waiters to serve the plaintiff, but that he refused to do so, although ·demanded of him by the defendants; that thereupon the plaintiff left the restaurant; that, as soon as they could ·secure other help, they discharged said waiter; that the defendants had not been prosecuted for a misdemeanor, under ch. 223, Laws of 1895; that they denied that they aided, in- ·cited, or countenanced said waiter in such refusal, or that they or either of them refused the plaintiff service in their restaurant.

At the close of the trial, the jury returned a verdict in ·favor of the defendants, and, from the judgment entered thereon, the plaintiff brings this appeal.

It is undisputed that the saloon and restaurant mentioned was a public eating house; that the waiters of the defendants therein were all white; that the plaintiff was black colored; and that the refusal to wait upon him was solely by reason of his color. The statute of this state provides, in effect: "That all persons within this state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, saloons, . . . eating houses, . . . and all other places of public accommodation or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons of every race and color." Laws of 1895, ch. 223, sec. 1. "That any person who shall violate the foregoing section or any part thereof, by denying to any person, except for reasons by law applicable alike to all persons, the full enjoyment of any of the accommodations, advantages, facilities or privileges enumerated in said section, or by aiding or inciting such denial, . . . shall for every such offense, be liable to the person aggrieved thereby in a sum not less than five dollars, as damages, with costs, to be recovered in any court of competent jurisdiction in the county where said offense was committed. . . ." Id. sec. 2.

The trial court refused to direct a verdict for the plaintiff, and also refused to instruct the jury that the plaintiff was entitled to a verdict for at least the minimum sum mentioned in the law, and charged the jury, among other things, to the effect that it was undisputed that one of the waiters refused to serve the plaintiff; that such action of the waiter was inexcusable under the circumstances, and in violation of the law, and, if the evidence satisfied them that such act of the waiter was ratified by the defendants, then the defendants would be liable to the plaintiff for damages. And the trial court further charged the jury that "if you find, however, that the defendants did not ratify such action of their servant, and that the defendants did what they could reasonably be expected to do under the circumstances to

enforce their orders to such servant, or, by not so doing, did not intend to, and did not, aid their waiter in carrying out his said purpose, then your verdict will be for the defendants."

These portions of the charge, as well as others, are based upon the theory that the defendants were not liable in damages for such wrongful and unlawful acts of their servants, unless they either ratified the same, or aided or incited or encouraged their servants in such nonperformance of duty. Such theory was in direct conflict with a well-settled rule of law constantly being applied by this and other courts, to the effect that " a master is liable for a wrong done by his servant, whether through negligence or the malice of the latter, in the course of an employment in which the servant is engaged to perform a duty which the master owes to the person injured." *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Bass v. C. & N. W. R. Co.* 39 Wis. 636; *S. C.* 42 Wis. 654; *Schaefer v. Osterbrink*, 67 Wis. 495; *Rogahn v. Moore Mfg. & F. Co.* 79 Wis. 573; *Reinke v. Bentley*, 90 Wis. 457. In such a case, where the wrongful act of the servant, though wilful, is strictly within the scope of his employment, it is unnecessary that the master should at the time sanction or know or subsequently ratify the unlawful act, in order to be held liable for mere compensatory damages. *Id.* See, also, *Spaulding v. C. & N. W. R. Co.* 33 Wis. 582; *Evans v. Davidson*, 53 Md. 245; *Burmah Trading Corp. v. Mirza Mahomed Ally Sherazee*, 31 Moak's Eng. 762; *Limpus v. London Gen. Omnibus Co.* 32 Law J. Exch. 34. This is upon the theory that what one does by his servant acting within the scope of his employment and for his benefit is the same, in legal effect, as though done by himself. But in order to recover exemplary damages, it is otherwise, as indicated in several of the cases cited,— especially *Bass v. C. & N. W. R. Co.*, *supra.* On the first appeal in that case a verdict for $4,500 was held to be excessive, because the charge of the court precluded exemplary damages. On the second appeal the

Bryan vs. Adler and another.

aggregate findings of the jury were for the same amount, but the judgment thereon was affirmed, because the jury found that the wrongful act of the brakeman had been ratified by the company, and the charge permitted punitory damages by reason of such ratification.

The act of the legislature in question is entitled " An act to protect all citizens in their civil and legal rights." It may be, as argued by counsel for the defendants, that the first section of this act adds nothing to the rights and privileges which are secured to all by the provisions of the constitution of the United States which declares that: " All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside.   No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."   Amendm. Const. U. S. art. XIV, sec. 1.   Assuming that the act is no broader than the constitutional provisions quoted, yet it prohibits the persons therein mentioned from doing what the state is thus prohibited from doing, and makes the offender "liable to the person aggrieved thereby, in a sum *not less* than five dollars, as damages, with costs," to be recovered as therein prescribed.   The minimum damages thus prescribed are to be regarded as compensatory damages, as distinguished from exemplary or punitory damages.   Whether the plaintiff is entitled to anything more than compensatory damages must necessarily depend upon the evidence to be given upon the trial, and the principles of law applicable.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.