WESTERN UNION TELEGRAPH COMPANY v. C. J. BELL.

Decided December 11, 1907.

**1.—Evidence—Withdrawal—Charge.**

Neither the admission of improper evidence nor the refusal of a requested instruction to the jury to disregard it, will be ground for reversal where the court, after admitting, verbally instructed the jury to disregard it, and by the charge given withdrew from their consideration the issues to which it was directed.

**2.—Telegraph—Damages.**

A recovery of $400.25 in favor of the sender of the telegram to her brother announcing the imminent death of their mother, delay in delivery of which caused the failure of the latter to be present at the funeral, sustained as not excessive.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*Geo. H. Fearons* and *L. A. Hill,* for appellant.—The court erred in refusing the requested special instruction. Texas T. Ry. v. Ayres, 83 Texas, 270; Martin B. Co. v. Purviance, 66 Texas, 132; Norwood v. Boon, 21 Texas, 592; Western U. Tel. Co. v. Andrews, 78 Texas, 307; Hoefling v. Dobbin, 91 Texas, 214; Gulf, C. & S. F. Ry. v. Johnson, 98 Texas, 77.

The evidence showed prompt transmission and prompt delivery by telephone. Mutual Life Ins. Co. v. Tillman, 84 Texas, 35; Brown v. Perez, 79 Texas, 157.

The court erred in rendering judgment for plaintiff for more than 25 cents, the cost of the message in this suit, because the facts in evidence show that the damages awarded plaintiff over and above the cost of said message are not such as could, or will be deemed to have been in contemplation of the defendant at the time of entering into the contract, as the probable consequence of the breach complained

of. Western Union Telegraph Co. v. Carter, 85 Texas, 580; Western
Union Telegraph Co. v. Coffin, 88 Texas, 95; Western Union Tele-
graph Co. v. Luck, 91 Texas, 178; Western Union Telegraph Co. v.
Edmondson, 91 Texas, 209; Western Union Telegraph Co. v. Wilson,
97 Texas, 22; Western Union Telegraph Co. v. Butler, 99 S. W.
Rep., 704 (Texas Civ.).

*D. W. Doom* and *D. H. Doom,* for appellee.—The instructions
withdrawing the issue were sufficient to justify refusal of the re-
quested charge. Houston & T. C. R. R. Co. v. Cluck, 99 Texas, 130;
Western Union Telegraph Co. v. Bell, 90 S. W. Rep., 714.

The verdict of the jury resolved the question of the delivery of
the message in favor of the plaintiff. G. A. Duerler Mfg. Co. v.
Eichhorn, 99 S. W. Rep., 715; Gulf, C. & S. F. Ry. Co. v. Garrett,
98 S. W. Rep., 657.

The verdict of the jury for $400.25 was not excessive, as much larger
verdicts have been sustained in other cases. Western Union Tele-
graph Co. v. Hamilton, 81 S. W. Rep., 1052, verdict for $1316 held
not excessive. Western Union Telegraph Co. v. Jennings, 81 S. W.
Rep., 1278, verdict for $501.20 sustained.

The contents of the telegram, with the other evidence already in-
troduced, was amply sufficient to put the defendant, its agents,
officers and employes on notice not only of the relationship between
the three parties, but of the results which were likely to follow from
a failure to deliver the message, and evidence of the results which
actually did follow, ought to have been admitted. Western Union
Telegraph Co. v. Hamilton, 81 S. W. Rep., 1052.

RICE, ASSOCIATE JUSTICE.—Appellee, plaintiff below, sued appel-
lant for damages for the alleged failure to promptly transmit and de-
liver to H. A. Jernigan, her brother, the following telegram:

"Austin, Texas, August 23, 1903.
"H. A. Jernigan, 1706 Live Oak Street,
Houston, Texas.
"Your mother is dying.  Come at once.  (Signed)  Callie."

Among other allegations in plaintiff's petition it is averred that
H. A. Jernigan was plaintiff's brother and Mrs. C. M. Jernigan re-
ferred to in said telegram as "mother" was the mother of both
plaintiff and H. A. Jernigan; that the said Mrs. C. M. Jernigan died
on the evening of August 23, 1903; that she left no estate nor money
with which to purchase a burial lot or defray her funeral expenses;
that she, appellee, was poor, without means, and herself unable to
do so; that her brother, H. A. Jernigan, was financially able and
willing to purchase a burial lot and defray the funeral expenses of
their said mother, and if said telegram had been promptly delivered
to him at any time before nine o'clock on the evening of the 23d of
August, 1903, he could and would have reached Austin in time to
have been present at the burial of his mother, and could and would
have procured a cemetery lot and defrayed all expenses of her burial;

that by reason of the negligent failure of appellant to deliver said telegram appellee was compelled in her distress, on account of her poverty and the failure of her brother· to come, to allow her mother to be buried by the public authorities in a pauper's grave, without coffin or hearse, to her great humiliation, and for which she seeks to recover damages.

Defendant answered by general and special exceptions and general denial, and specially pleaded by demurrer and in bar that said telegram by its language did not give defendant notice of any such facts or damages as pleaded by plaintiff, and that no such damages were in contemplation of the parties at the time of entering into the contract, and that the said telegram, or the substance of same, had been delivered to the addressee, H. A. Jernigan, within a few minutes after the receipt thereof at its Houston office, by calling the said Jernigan over a 'phone and reading the said telegram to him.

There was a trial by jury and verdict and judgment for plaintiff for $400.25.

On a former appeal of this case (Western Union Tel. Co. v. Bell, 90 S. W. Rep., 715), it was reversed and remanded because the trial court permitted plaintiff to introduce evidence in support of the above allegations of her petition; this court thereby, on said appeal, sustaining appellant's contention to the effect that the telegram set out gave no notice to appellant of these facts as above pleaded. But on the trial of the present case the court below followed the decision of this court on this subject and excluded all evidence offered in support of the allegations of the plaintiff's petition in this respect. However, appellant insists by its first assignment of error that the court erred in refusing to give in charge to the jury its fourth special charge which, in effect, instructed the jury not to consider the issues raised by said pleading, and to disregard said pleading, as no testimony had been admitted in proof of said allegations; and by its second assignment of error complained of the action of the trial court in refusing to give its fourth special charge, because it was further contended that appellant was entitled to an affirmative charge concerning said issues; and, further, that said special charge should have been given because the court had admitted the testimony by deposition of the witness, H. A. Jernigan, that had said telegram been promptly delivered to him, he had the means and would at once have come to Austin and have provided a suitable burial lot and coffin for his mother; which answers of the witness, however, it appears from appellant's said assignment, were afterwards withdrawn from the consideration of the jury by the court. But it is contended that having once been admitted, it was likely to do appellant injury, unless the jury were instructed in the court's charge to disregard all of said issues, as no testimony was before them concerning the same.

It will be seen that appellant's contention in the first assignment is that these matters, having been set out in plaintiff's petition, but no testimony having been offered in support of them, it was entitled to have the court tell the jury not to consider plaintiff's pleadings. We do not concur in appellant's contention. Unless evidence be of-

fered in support of a pleading, there is no issue to be considered by the jury, and it was not necessary for the court to have referred to this matter in its charge.

In passing upon the objection raised by appellant's second assignment of error, we deem it sufficient to say that while it is true the court permitted appellee at first, over objection of appellant, to read in evidence the deposition of H. A. Jernigan in support of the allegations of her petition to the effect that if he had received the telegram in time, he could and would have gone to Austin and provided a suitable burial lot and defrayed the funeral expenses of his mother; still, upon further objection to said testimony by appellant, the court excluded the same from the consideration of the jury and verbally instructed the jury to disregard the testimony of said Jernigan in this respect. Besides this, the court in its main charge, in the 5th paragraph thereof, eliminated this phase of the case from the consideration of the jury by expressly charging the jury as follows, to wit:

"V.—If you find in plaintiff's favor under the foregoing instructions, you will, in arriving at the amount of her damages, allow her twenty-five cents, and such additional sum, if any, as will be necessary to fairly and reasonably compensate her for any additional mental pain or anguish, if any, that was caused plaintiff as the direct, natural and proximate result of the failure of H. A. Jernigan to be present at the burial of their mother. You will not, however, if you return a verdict for plaintiff, allow her anything on account of the alleged cost of reinterring the body of her mother, or on account of the mental pain and anguish that plaintiff would have suffered from the death and burial of her mother, even if H. A. Jernigan had been present at the time, or on account of anything else than the two items of damage submitted for your consideration in this paragraph of this charge."

Appellant did not object to the action of the trial court in verbally instructing the jury not to consider the testimony of H. A. Jernigan, and there is no assignment of error in this court upon said subject. We think if there was any error committed, under the circumstances, in the first admission of the testimony of Jernigan, that the same was cured by the withdrawal of said testimony on the part of the court from the jury, and by the verbal instruction of the court at the time to the jury not to consider said testimony for any purpose; and especially is this true when the court in its main charge to the jury eliminates this phase of the case from their consideration. A charge requested which is covered by instructions given is properly refused; and a charge requested which is not supported by the evidence, is likewise properly refused. (Houston & T. C. R. R. Co. v. Cluck, 99 Texas, 130, and authorities there cited.)

Appellant's third assignment of error complains of the action of the trial court in overruling its motion for a new trial because it alleges that the verdict of the jury is against the overwhelming weight and preponderance of the evidence in this case, and because the evidence showed that the telegram was promptly transmitted from Austin to Houston and thereafter, in a few minutes, delivered to the

addressee, Jernigan, by phone, and that he understood the contents of said message or the substance of the same. It is only necessary to say, relative to this assignment, that there is a conflict of testimony on this issue, and that there is sufficient evidence to support the finding of the jury thereon. This being the case, this court is not called upon to disturb the verdict of the jury upon a question of fact.

Appellant's fourth assignment of error complains that the verdict of the jury is excessive. We do not concur with appellant in this contention, because in this class of cases there is no certain or definite rule limiting the judgment or discretion of the jury as to the amount of their verdict. We think, under the facts and circumstances in evidence, the verdict is not excessive and ought not to be disturbed for this reason.

Finding no error in the proceedings of the court below, and believing the evidence amply sufficient to sustain the judgment, the same is in all things affirmed.

*Affirmed.*

Writ of error refused.