WESTERN UNION TELEGRAPH COMPANY *v.* GILLIS.

Opinion delivered January 9, 1911.

1.  INSTRUCTIONS—SPECIFIC OBJECTION.—The giving of a misleading instruction, to which no specific objection was raised, was cured by the giving of correct instructions on the same subject. (Page 227.)

2.  APPEAL AND ERROR—HARMLESS ERROR.—The admission of improper evidence was not prejudicial where instructions of the court eliminated such evidence from the consideration of the jury. (Page 229.)

3.  TELEGRAPHS AND TELEPHONES—DAMAGES—EXCESSIVENESS.—Where defendant's negligent delay in delivering a message rendered plaintiff unable to reach the bedside of her dying mother while she was in a rational mind, an award of $300 as damages was not excessive. (Page 229.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

STATEMENT BY THE COURT.

This case is here on appeal for the second time. The first appeal is reported in 89 Ark. 483 (*Western Union Tel. Co.* v. *Gillis*).

Berta Gillis resided at DeWitt, Arkansas, and her mother resided about 20 miles from Fordyce, Arkansas. On the 29th day of May, 1905, the brother of Berta Gillis through H. E. Carpenter sent to her the following message: "Mother very low; come at once." The message was telephoned from near the residence to Fordyce, and was received there about 4 o'clock P. M. on the same day. The telegraph company admits that it received the message at DeWitt between 7:30 and 8 o'clock P. M. on the same day. The message was not delivered until sometime after 10 o'clock A. M. of the morning of the 30th inst. The office hours of the company at DeWitt was from 7 A. M. to 7 P. M. The evidence on the part of Berta Gillis shows that she left as soon as she received the message; but that, on account of it having been received after the departure of the train going in that direction on the morning of the 30th, she was not able to reach her mother's bedside until Wednesday, the 31st inst., at which time her mother was insane and remained in that condition until her death a few days thereafter. She testified that, had the message been delivered to her on Tuesday morning, the 30th, before 9 o'clock, she could have departed on the train and

have reached her mother at midnight of the same day. The testimony shows that her mother's mind began to wander that night, but that she was in possession of her mental faculties at intervals, and at such times called for her daughter. DeWitt was a small town of only a few hundred inhabitants, and Berta Gillis was well known.

The telegraph company adduced evidence tending to show that it was not negligent in delivering the message on the morning of the 30th inst., and that the mother of the defendant was not rational during that night. The jury returned a verdict for plaintiff in the sum of $300.

*George H. Fearons, Thomas & Lee & Smith* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*W. N. Carpenter* and *J. M. Brice,* for appellee.

HART, J., (after stating the facts). It is contended by the telegraph company that the court erred in giving the following instruction: "3. The court instructs the jury that if they believe from the evidence that said message was sent as a day message and received by defendant's agent at DeWitt, Arkansas, it was the duty of the defendant to use due diligence to deliver same promptly."

But at the request of the telegraph company the court gave the following instructions:

"10. You are instructed that defendant has the right to establish reasonable office hours for the transaction of its business, and that office hours from 7 A. M. to 7 P. M. in the town of DeWitt are reasonable office hours. After defendant's office hours it is not required to either receive messages by telegraph or attempt to deliver messages which have been received shortly before closing hours; and if defendant did receive telegram after its office hours, it was not required to deliver that telegram before the opening hours next day.

"11. You are instructed that telegraph companies are not insurers of the prompt transmission of telegrams intrusted to them, but are only bound to use the ordinary care of a reasonably prudent person under the circumstances to effect the prompt transmission and delivery of such messages; and you are instructed that in this case the defendant was not required to

attempt to deliver the message in suit until opening of its office on May 30, 1905, and if, thereupon, it used the reasonable efforts of an ordinarily prudent person under the circumstances to effect a delivery of the telegram to plaintiff, but notwithstanding these efforts the telegram could not be delivered to plaintiff until it was too late for her to take the train that morning from De-Witt or travel by other conveyance that would have reached Stuttgart earlier than she did, your verdict will be for the de-fendant."

Instruction No. 3 was misleading, and should not have been given; but because there was no specific objection calling atten-tion to its defects we think it was cured by instructions Nos. 10 and 11. It was the contention of the telegraph company that it had a right to establish reasonable office hours, and that, the message in question having been received after office hours on the 29th, it owed no duty to deliver the message until its office was opened on the 30th inst. It will be noted that the court in instruc-tion No. 11 told the jury that telegraph companies are not in-surers of the prompt transmission of telegrams intrusted to them, and are only bound to use the care of a reasonably prudent per-son to effect the prompt transmission and delivery of such mes-sage. It also specifically instructed the jury that the company was not required to deliver the message in question until the 30th inst., and then to only use the reasonable efforts of an ordinarily prudent person under the circumstances to effect a delivery. Hence it will be seen that the case was submitted to the jury solely on the allegation of negligence in delivery on the 30th; and if counsel for the company thought the jury would be misled by instruction No. 3, they should have specific-ally called the court's attention to the likelihood of the jury being misled by it, and not have contented themselves with a general objection to it. It is the settled policy of this court that instructions are to be considered as a whole, and, when so con-sidered in this case, we do not think that the jury could have been misled; for they were told in unequivocal language that they should only consider the question of negligence in delivery on the 30th; and the question of negligence on the 29th was by it withdrawn from their consideration. See *Western Union Telegraph Company* v. *Lewis,* 87 Ark. 375.

2.   It is again contended by counsel for the telegraph company that the court erred in admitting the testimony of one Hugh Bowers, a former employee of the company, to the effect that in his opinion it was the duty of the company under its rules to have delivered the message in question on. the 29th, even though it was received at DeWitt after office hours.   Because the court by its instructions eliminated the question of negligence on the 29th and only submitted to the jury the question of negligence on the following morning, no prejudice could have resulted from this testimony; and it is well settled that this court will only reverse for errors that are prejudicial to the rights of the complaining party.

3.   It is also contended by counsel for the telegraph company that the court erred in permitting the plaintiff, Berta Gillis, to testify that the wife of the operator at DeWitt, who sometimes helped her husband in performing his duties, told her that the message was received about 7 o'clock P. M. on the 29th.   Conceding this testimony to be hearsay, the company was not prejudiced by its admission because the question of negligence in delivery on the 29th was withdrawn from consideration of the jury.

4. While it is difficult to determine when verdicts are excessive in cases of this kind, we can not say that, under all the circumstances adduced in evidence in this case, the verdict should be set aside as being excessive.

The judgment will therefore be affirmed.