·NITKA, Respondent, vs. WESTERN UNION TELEGRAPH COMPANY, Appellant.

*March 12—April 3, 1912.*

*Telegraph companies: Delay in delivery of message: Damages: Mental anguish: Evidence: Sufficiency: Constitutional law: Classification: Statutes: Validity.*

1. In an action against a telegraph company to recover damages for mental anguish resulting from negligent failure to deliver a message in time to enable plaintiff to attend the funeral of his father, the plaintiff testified: "I felt awful sorry because I could not get over there." It also appeared that he had gone into the woods to work, and thereafter made two visits to his home to see his sick father. *Held* sufficient to sustain a recovery of $350.

2. An impromptu answer of the plaintiff to an oral interrogatory in an examination had prior to the trial, that he would not take $100 and miss his father's funeral, and other answers to the same effect, though admissible in evidence, were not conclusive· upon him so as to preclude a recovery of more than $100.

3. A legislative classification by which special duties or special liabilities are imposed upon persons or corporations engaged in the business of receiving, transmitting, and delivering messages ·by telegraph, is justified by the substantial differences between that business and others, including the business of operating telephone lines.

4. A statute (sec. 1778, Stats.: Laws of 1907, ch. 165) providing that any person, association, or corporation operating or own-

ing any telegraph lines doing business in this state shall be
liable for damages for mental anguish resulting from failure
or negligence in receiving, copying, transmitting, or delivering
messages, is valid. It does not deprive any one of property
without due process of law, or deny the equal protection of the
laws, in violation of the XIVth amendment to the federal con-
stitution or of the equivalent provisions in the state constitution.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *A. G. Zimmerman*
and *Rufus B. Smith,* attorneys, and *Geo. H. Fearons,* of coun-
sel, and oral argument by *Mr. Smith.*

For the respondent there was a brief by *Kittell & Burke,*
and oral argument by *J. A. Kittell.*

TIMLIN, J. In this action for negligent failure to deliver
a telegraph message in time to enable the plaintiff to attend
the funeral of his father the plaintiff recovered damages under
ch. 165, Laws of 1907 (sec. 1778, Stats.), which provides that
any person, association, or corporation operating or owning
any telegraph line doing business in the state of Wisconsin
shall be liable for damages for mental anguish resulting di-
rectly and proximately from or occasioned by the failure or
negligence of their operators, servants, or employees in re-
ceiving, copying, transmitting, or delivering dispatches or
messages, not to exceed in amount the sum of $500. The ver-
dict was for $350.

1. The defendant contends that there was no sufficient evi-
dence of mental anguish to justify a recovery in that amount.
The plaintiff is a laborer and was engaged in working in the
lumber woods, and on this point merely testified: "I felt awful
sorry because I could not get over there." But it also ap-
peared that he went to work in the woods about two weeks
before Christmas, that he went home Christmas time and
again thereafter and before the death of his father, to see the
latter, who was sick. The point is made that there should

have been some further facts or circumstances put in evidence tending to show mental anguish or that the plaintiff should have given some description of the poignancy of his feelings so that the jury might have some basis upon which to estimate the degree of his mental anguish.    This mental condition would be quite difficult for an ordinary laboring man to describe.    The intensity of mental anguish is not always proportionate to the eloquence or power of description of the sufferer.    There is no known ratio of anguish to outcry.    It is impossible to measure mental anguish accurately in money, and the jury could as well fix the damages from the simple statement of this laborer as they could from a more eloquent and theatrical display of grief by a more accomplished witness.

A number of like cases are collected in respondent's brief affirming upon similar evidence verdicts for damages as follows: *Western Union T. Co. v. Adams,* 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, $2,000; *Western Union T. Co. v. Gillis,* 97 Ark. 226, 133 S. W. 833, $300; *Western Union T. Co. v. Webb* (Ark.) 135 S. W. 366, $625; *Western Union T. Co. v. Dodson* (Miss.) 54 South. 844, $1,000; *Maley v. Western Union T. Co.* 151 Iowa, 228, 130 N. W. 1086, $300; *Western Union T. Co. v. Gilstrap,* 77 Kan. 191, 94 Pac. 122, $750; *Western Union T. Co. v. Bell,* 48 Tex. Civ. App. 151, 106 S. W. 1147, $400; *Western Union T. Co. v. Caldwell,* 126 Ky. 42, 102 S. W. 840, $1,000; *Potter v. Western Union T. Co.* 138 Iowa, 406, 116 N. W. 130, $1,000.

It is next contended that in oral cross-examination for the purpose of discovery, had prior to the trial, the plaintiff testified that he would rather give $100 than miss going to his father's funeral and that he would not take $100 and miss his father's funeral; and the case of *Berger v. Abel & B. Co.* 141 Wis. 321, 124 N. W. 410, is cited to uphold the argument that in consequence of this testimony the plaintiff's damages should have been limited to $100.    It will be observed that

the plaintiff in this case did not testify that his damages were $100, that the answers above referred to were given impromptu to oral interrogatories, and that in the case relied upon the admission was specific, deliberate, in writing, and in a measure the foundation of the plaintiff's claim. The testimony given by plaintiff in the instant case was proper to be submitted to and considered by the jury, but not conclusive upon him.

2. It is next contended that the statute authorizing a recovery for mental anguish against telegraph companies is invalid in that it deprives the defendant of property without due process of law and denies to it the equal protection of the laws, contrary to the XIVth amendment to the federal constitution and contrary to the equivalent provisions in the constitution of this state. A recovery for mental anguish, more commonly referred to as mental suffering, is no novelty in the law. It has been approved in actions for breach of promise of marriage attended with certain aggravating circumstances, *Giese v. Schultz,* 65 Wis. 487, 27 N. W. 353; in actions for negligence, *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Reinke v. Bentley,* 90 Wis. 457, 63 N. W. 1055; *Fenelon v. Butts,* 53 Wis. 344, 10 N. W. 501; in actions of assault and battery, *Barnes v. Martin,* 15 Wis. 240; *Wilson v. Young,* 31 Wis. 574; in actions for false imprisonment, *Sorenson v. Dundas,* 50 Wis. 335, 7 N. W. 259; in actions for libel and slander, *Wilson v. Noonan,* 35 Wis. 321; *Buckstaff v. Hicks,* 94 Wis. 34, 68 N. W. 403; in actions for a wrongful mutilation of a dead body of a relative, *Koerber v. Patek,* 123 Wis. 453, 102 N. W. 40, 68 L. R. A. 956; in a statutory action by a wife against a saloon-keeper for causing the intoxication of her husband, *Peterson v. Knoble,* 35 Wis. 80.

The effect of the statute in question, therefore, is to extend this measure of damages to the negligent acts of telegraph companies mentioned in the statute. The statute in question does not attempt to classify persons except with reference to

their business or occupation.    It imposes this liability "upon any person, association or corporation operating" any telegraph line doing business in this state.    Examining the question *a priori,* we must start with the axiom that the legislature has all legislative power not withheld or limited by the constitution of the state or the exercise of which is not prohibited by the federal constitution.    Legislative power necessarily includes classification with reference to the acts forbidden or authorized by the statute or with reference to the persons forbidden or authorized, or with reference to both.    Hence all legislation involves classification.    Where the legislative command includes only a kind of persons and imposes upon such persons duties and burdens not common to others, there must exist in the relations of such persons to the state, to the public, or to individuals some reasonable ground of distinction sufficient to show the classification is not merely personal and arbitrary or else there will be a denial of the equal protection of the law.    This same invalid result could be reached by a statute which included only certain occupations, but in that case the unconstitutionality would not be so direct and obvious and could be asserted of the statute where the description of the occupation was equivalent to a designation of persons; or where there were no distinctive features in the occupation to furnish a legitimate basis for classification.    The courts are not, in either case, to review the legislative discretion where such discretion is found to exist, nor to require the legislature to specify its reasons for the classification.    Because no act of the legislature is to be declared invalid unless its invalidity appears clearly and beyond reasonable doubt, we are to presume that the legislature acted upon legitimate grounds of distinction, if any such grounds exist.    The business of receiving, transmitting, and delivering messages by telegraph is not like anything else.    The telegraph company undertakes to transmit messages with greater speed over long distances, thus distinguishing it from the mail and from pri-

vate messenger service.   It undertakes the public duty of doing this for those for whom the former is too slow and to perform this service in all such matters requiring haste.   It receives the message to be delivered, controls its contents by
rewriting, controls the office of reception and delivery, and it
alone knows or has opportunity to know, within the requisite
time, of errors in transmission or delays in delivery; thus distinguishing it from the telephone business, which furnishes
the instruments by which the patron sends his own message,
shaped by himself and delivered by himself, and in which the
patron knows at once whether he has been able to communicate with the person addressed or not.   These substantial differences the legislature had the right to recognize and act
upon.   The legislature may also have considered that the telegraph is the commonly accepted vehicle for the transmission
and delivery of messages relating to the affections when such
messages are urgent and cannot await the slower process of
the mails or abide the publicity and delays of the telephone in
securing the attendance of the addressee at the delivery station.   We do not have to say with certainty that the legislature considered either of these.   It is sufficient that it might
have done so, or, in other words, that there exist differences in
the business having reasonable relation to the object of the
statute in question.

3.  If we consider the question upon authority the result is
the same.   A statute imposing upon telegraph companies a
liability for mental anguish or suffering in case of their negligent failure in the transmission or delivery of messages is
valid.   *Ivy v. Western Union T. Co.* 165 Fed. 371, and cases
cited.   To the same effect and to the point that there is a substantial ground for classification between telegraph and telephone companies, see *Simmons v. Western Union T. Co.* 63
S. C. 425, 41 S. E. 521.   A classification for the imposition
of special duties or special liabilities arising out of the peculiar business in which persons in that class are engaged is a

just classification, and it is no objection that the duty is enforced by an award of damages to the party injured by breach of such duty. *Mo. Pac. R. Co. v. Humes,* 115 U. S. 512, 6 Sup. Ct. 110; *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255; *Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, 119 N. W. 309, 120 N. W. 756; *Western Union T. Co. v..Ferguson,* 157 Ind. 37, 59 N. E. 416.

*By the Court.*—Judgment affirmed.