DeWitz, Appellant, vs. Northern States Power Company, Respondent.

*March 11—April 5, 1955.*

For the appellant there were briefs and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondent there was a brief by *Ramsdell, King & Carroll* of Eau Claire, and oral argument by *George Y. King*.

GEHL, J. In 1940 a gas heater was installed in the home of plaintiff and her husband. Until 1947 defendant furnished manufactured or coal gas to the heater. In that year defendant undertook to make certain changes in the heater so as to adapt it for use of propane or liquid petroleum gas. The change in the DeWitz home was made on July 22, 1947.

The heater was equipped with certain controls, safety devices, a pilot burner, and a main burner. When operating properly there was a constant small flame at the jet of the pilot burner. The flow of gas to the main burner was controlled by a thermostat which operated upon valves, opening them to provide gas to the burner when needed to heat the water, and closing them when heat was no longer required. When gas was delivered to the jet of the main burner it was ignited by the pilot light. It was claimed by plaintiff that the explosion occurred by reason of an accumulation of gas resulting from the fact that the pilot light went out. It is stated in plaintiff's counsel's brief among other things, that "the gas accumulated because the heater was not equipped with a 100 per cent shutoff." It was explained that, when a heater is so equipped, a pilot-light failure will stop the flow

of gas to both the pilot light and the main burner. There was testimony that the absence of such shutoff in this heater would, in case of pilot failure, permit gas to escape from the pilot burner and create an accumulation of an explosive mixture.

Plaintiff contends that the court should not have disturbed the verdict and that judgment thereon should have been rendered in her favor. She contends upon this appeal that it has been established that defendant was guilty of causal negligence in any one or all of four respects: (1) It failed to equip the heater with 100 per cent safety shutoff; (2) when it changed the equipment in 1947 it changed or replaced a vent thereby rendering it more dangerous; (3) it failed to inspect the equipment; and (4) it failed in 1947 to adapt the facility to the use of propane.

It does not appear that when the special verdict was prepared plaintiff requested that these issues be submitted to the jury. No objection to the form of the verdict was made. We may deal only with the issues actually tried and submitted. *Murphy v. Martin,* 58 Wis. 276, 16 N. W. 603; *Hunter v. Chicago, St. P., M. & O. R. Co.* 99 Wis. 613, 75 N. W. 977; *Sikora v. Great Northern R. Co.* 230 Wis. 283, 282 N. W. 588. Plaintiff does not attack the jury's finding that defendant was not negligent as to odorizing the gas. Consequently, we may deal only with the issue whether the trial court was in error in determining that there is no credible evidence to sustain the jury's finding that the gas which exploded accumulated "by reason of the changes made by the defendant on the *heating burner and pilot-light burner of the water heater.*"

When the change was made in 1947 defendant did nothing to the heater except to replace the jets at the two burners with new ones with somewhat smaller orifices than those replaced. There is nothing in the record to suggest that

there was anything wrong with the manner in which the burner jets were replaced. One of plaintiff's experts testified that when he examined the heater parts after the explosion he found a fugitive piece of metal at the pilot orifice; he was unable to say how long the piece had been in the equipment or that it had ever interfered with the operation of the pilot light. He could say no more than that there was a *possibility* that it would cause the pilot light to go out and result in the accumulation of gas from the jet of the pilot burner. His was the only testimony regarding the fugitive piece and would not support a finding that its presence in the pilot burner constituted a causally negligent act on the part of the defendant.

It is contended that one of defendant's records received in evidence, a report of the work done in 1947, indicates that at that time the heater was "vented." Plaintiff offered in evidence a photograph, apparently made by the gas-heater manufacturer, which shows a conical contrivance placed at the top of the heater. She argues that its purpose was to avoid a downdraft of air into the heater, which downdraft, in case of an escape of gas, would permit the heavier gas to accumulate and make explosion more likely. A photograph of the heater taken after the explosion shows the absence of the conical contrivance and the presence of an ordinary cylindrical pipe leading upward from the heater and then horizontally to a chimney. Basing her contention upon the report of work done and the two photographs, the plaintiff argues that the jury had the right to, and that we should, consider that the change of the vent was in effect a part of the work done in connection with the changes made in the burner jets and that the combination of the two elements supports the jury's finding. There are several answers to her contention. There is nothing in the record which indicates that the heater as originally installed had upon it the conical contrivance shown

on the photograph. It has not been shown that defendant removed any part of the heater when it did the work in 1947 or that it installed the pipe shown on the photograph taken after the explosion. There is no testimony that if a change in the vent had been made, such change caused or might probably have caused the explosion. To say that it did would be no more than speculation or conjecture.

*By the Court.*—Judgment affirmed.