THE WESTERN UNION TELEGRAPH COMPANY v. R. H. ZANE.

No. 373.

1. **Telegram—Mistake of Sender—Damages for Delay.**—A telegram notifying the addressee that his brother was sick at S. was negligently delayed. The brother was in fact sick at C., but the addressee was not misled by the mistake, and would have gone at once to C. had he promptly received the message. *Held*, that such mistake did not relieve the telegraph company of its liability for damages.

2. **Same — Notice from Face of Message.** — A telegram saying that "Jerry is dangerously sick," is sufficient to notify the telegraph company that he is a relation of the addressee. that it is sent to enable the addressee to go to him, and that such would be the probable action taken on its receipt.

3. **Same—Verdict not Excessive.**—A verdict for $1950 for delay in delivering a telegram, whereby the addressee reached his brother seventeen hours after his death instead of seven hours before, is not excessive.

APPEAL from Midland. Tried below before Hon. WILLIAM KENNEDY.

*Field & Homan*, for appellant.—1. The message saying " Jerry is in hospital at Sedora, dangerously sick with pneumonia," plaintiff can not recover, his allegation being that his brother was sick at Chihuahua. Tel. Co. v. Adams, 75 Texas, 533; Stuart v. Tel. Co., 66 Texas, 580; Tel. Co. v. Richman, 6 Cent. Rep., 566.

2. The court erred in instructing the jury to find for plaintiff if they should find that plaintiff knew his brother was at Chihuahua, Mexico, and not at Sedora, as stated in said message, and that when he read said message he knew there was a mistake as to the place, and would have gone at once to Chihuahua had it been received promptly. This charge substitutes for the original contract a different undertaking, not assumed by the defendant, and upon which the defendant is not liable. Daniel v. Tel. Co., 61 Texas, 453; Elliott v. Tel. Co., 75 Texas, 18; Tel. Co. v. Lively, 15 S. W. Rep., 197; Thomp. on Elec., secs. 311, 346; 10 Am. St. Rep., 779, note.

*Cowan & Fisher*, for appellee.—1. Plaintiff's action is founded upon tort, as well as upon contract, and under the facts alleged he could recover upon either or upon both. Reese v. Tel. Co., 7 L. A. R., 583; Tel. Co. v. Adams, 75 Texas, 533; Gray on Com. by Tel., sec. 84; Parks v. Tel. Co., 1 Daly, 575.

2. When communications relate to sickness and death, there accompanies them a common sense suggestion, that they are of importance, and that the persons addressed have in them a serious interest. Reese v. Tel. Co., 7 L. A. R., 583; Tel. Co. v. Adams, 75 Texas, 533.

TARLTON, Chief Justice.—This appeal is from a judgment in the sum of $1950, recovered by the appellee from the appellant as damages on account of delay in the delivery of the telegram herein below set out.

The verdict of the jury, supported by sufficient evidence, requires that we find the following conclusions of fact:

On and before February 18, 1891, the appellee, R. H. Zane, lived in the town of Midland, Texas, at a point conveniently accessible from the office of the appellant. During the early part of that month he was visited by his father-in-law, A. Atherton, who, about February 15, went to El Paso, Texas.

R. H. Zane's brother, Jerry Zane, was a conductor on the Mexican Central Railway, on a train operating between Juarez and Chihuahua, Mexico. When A. Atherton reached El Paso, on February 18, 1891, he heard that Jerry Zane was dangerously sick, and he accordingly sent to R. H. Zane, for the benefit of the latter, the following message:

"El Paso, February 18, 1891.

"To R. H. Zane, Midland, Texas:

"Jerry is in hospital at Sedora, dangerously sick with pneumonia.
[Signed]    "A. Atherton."

This message was sent as a day message about 4:30 in the afternoon of February 18, and the toll was prepaid by Atherton. The defendant negligently delayed its delivery until about 12 o'clock on February 19, and as a consequence R. H. Zane was delayed twenty-four hours in his departure for the place of his brother's sickness, and as a further consequence he did not reach his brother until seventeen hours after the latter's death; whereas, if the message had been delivered with reasonable promptness, he would have been with his brother for the space of seven hours previous to his death. The failure to reach his brother's bedside before his demise was attended with great mental anguish to plaintiff.

At the time that the message was sent, Jerry, the brother, was not in the hospital at Sedora, but was in the hospital at Chihuahua, where he afterwards died. The expression, "at Sedora," used in the telegram, was due to a mistake on the part of A. Atherton, the sender, and was probably brought about by the confusion resulting from his unfamiliarity with Mexican names. This mistake did not, however, in any respect mislead the addressee, R. H. Zane, who, when he received the message, accounted for the mistake in the manner above indicated, and believed that his brother was

in fact at Chihuahua, and had the message been promptly delivered, would, from his knowledge of his brother's whereabouts, have gone by the most direct route to Chihuahua.

*Opinion.*—The burden of the appellant's contention, as disclosed by its principal assignments of error, is, that as the evidence showed that the plaintiff's brother was sick at a place different from that mentioned in the telegram, the recovery, in the event of a negligent delay in the transmission of the message, should be restricted to the price paid for its transmission.    In other words, it is insisted, that as the defendant's liability must be tested by the terms of the contract, the fact that the message apprised the appellant that the sick person referred to was at Sedora, whereas he was in fact at Chihuahua, would be fatal to the recovery sought.

The doctrine relied upon, that the defendant's obligation must be measured by the terms of the contract, is certainly sound, but we can not approve its application as here sought to be made.    While the liability of the defendant is to be measured and fixed by the terms of the contract, that contract must be interpreted, under the evidence disclosed, by its substantial and material features.

Under the facts disclosed by the record, we do not think that the expression "at Sedora" can be held to qualify the contract undertaken by the defendant in any material aspect.    The obvious purpose of the message, patent upon its face, was to apprise R. H. Zane of the *sickness* of his brother.    While that sickness was alleged to be at Sedora, a place probably having no real existence, this expression might well be, and was, regarded by the addressee as surplusage.    It could well have been wholly omitted, and the purpose of the telegram, if it had been delivered with proper diligence, would have been attained.    We do not perceive how the use of that expression could in any way modify or qualify the duty arising out of the agreement of the defendant to promptly deliver the message.    The gist and substance of appellant's undertaking was to inform the plaintiff of the sickness of his brother.    The language of the message, without reference to the expression referred to, was such as to inform the defendant that the plaintiff would in all probability desire to go to his brother, and to aid him in his sickness, wherever he might be.

The fact found by us, that if the message had been promptly delivered, the plaintiff would have gone at once to Chihuahua, Mexico, from his knowledge of his brother's whereabouts, requires that we overrule appellant's assignment of error wherein complaint is made that the court erred in instructing the jury to find for the plaintiff, if they should find that "plaintiff knew his brother was at Chihuahua, Mexico, and not at Sedora, as stated in said message, and that when he received said message he knew the place named therein was an error," etc.

Overruling appellant's sixth assignment of error, we hold that the message as accepted by defendant was on its face sufficient to show the probable action that would be taken by the plaintiff on its receipt, and to notify the defendant that its object was to enable plaintiff to go to the bedside of his brother. In this connection, we quote the following apt language of Justice Brown, of our Supreme Court, in Telegraph Company v. Carter, 85 Texas, 580: "A telegraph company is chargeable with notice of the relationship that exists, if any, between all parties named in the message, and with notice of such purposes as may be reasonably inferred from the language used, in connection with the subject matter of the communication, taking into consideration the usual manner of expressing messages sent by this means."

The final assignment of error complains " that the verdict is excessive, and for an amount greater than that sued for herein." The amount of the verdict was 55 cents in excess of the amount claimed in the petition. This excess was remitted in the trial court. The special feature of excessiveness referred to in this assignment can not, therefore, be considered by us. If it be intended to complain that the verdict is excessive, without reference to this special feature, we are not prepared to hold that such is the case.

We order an affirmance of the judgment.

*Affirmed.*

Delivered March 6, 1894.