WESTERN UNION TELEGRAPH COMPANY v. GEORGE K. JACKSON.

Decided April 9, 1904.

**Telegraph Company—Mental Suffering—Evidence.**

In an action against a telegraph company for mental suffering resulting from failure to promptly transmit and deliver a message informing plaintiff of the dangerous illness of his father, whereby he was deprived of the privilege of attending the funeral, it was error for the court to admit, over objection, the testimony of a witness to the effect that, before the message was sent, the father said, "It is hard to die without friends or relatives about you. I want you to send word to all the children if anything should happen to me, if I should get sick," since such evidence had no legitimate bearing upon the issue to be determined, and was calculated to unduly excite the sympathies of the jury.

Appeal from the District Court of Potter.   Tried below before Hon. Ira Webster.

*Geo. H. Fearons* and *N. L. Lindsley,* for appellant.

*Wallace & Lumpkin,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee, George K. Jackson, who resides in Amarillo, Texas, sued appellant to recover damages for mental anguish occasioned him by its failure to properly transmit and deliver to him certain messages dated and received by it at Quincy, Ill., informing him of the dangerous illness and death of his father, by which negligent failure he was deprived of the privilege of attending the funeral. He had judgment for $800.

Several assignments of error are presented, but we overrule them all save the first, which is:  "The District Court erred in permitting, over the objection of the defendant, the following testimony of the witness Mrs. Mary Ahr:  'On Sunday, January 18th, I was with father, and a man in the next room to father's was said to be dying, who had no friends or relatives.   Father said:  "It is hard to die without friends or relatives about you.   I want you to send word to all of the children if anything should happen to me, if I should get sick;"'  the objection being that said testimony was immaterial and incompetent, and that any statements made by the father three days before his death is not res gestae, and that the same would be calculated to influence and prejudice the minds of the jury against the defendant."   It is difficult to distinguish this case upon that question from that of Western U. Tel. Co. v. Waller, 96 Texas, 589, 74 S. W. Rep., 751.   In that case, discussing testimony very similar to that offered and received in this, the Supreme Court, through Mr. Justice Williams, say:  "We are of the opinion that the testimony was irrelevant and was calculated to excite unduly the sympathies of the jury and to cause them to lose sight of the true inquiry, which was the effect produced upon plaintiff himself by defendant's negligence.   The direct and immediate tendency of the evidence was to show a state of mind of the mother, existing under

circumstances and with incidents strongly appealing to the feelings of those trying the case. The state of mind and those incidents were themselves not involved in the issue being tried." So in this case the reproduction before the jury of the statement of appellee's father made a few days before his death, was in its nature of such a character as to appeal strongly to the sympathies of those trying the case. It could have no legitimate bearing upon the real issue to be determined, to wit, the mental suffering of plaintiff which was to be anticipated by the parties to the contract in the event of a failure to faithfully execute it. See, also, Fort Worth Iron Works v. Stokes, 33 Texas Civ. App., —, 76 S. W. Rep., 231, and Western U. Tel. Co. v. Stiles, 89 Texas, 312.

For the error discussed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*