RALPH SEDDON, Appellee, v. WESTERN UNION TELEGRAPH Co., Appellant.

**Telegrams:** DELAY IN DELIVERY: DAMAGES: NOTICE. The purpose of the statute requiring notice of a claim for damages against a telegraph company growing out of the negligent delay in the delivery of a message to be served, is to call the attention of the company to the matter that it may investigate the circumstances while the facts are fresh and ascertainable. And the service of an original notice and the filing of a petition demanding damages on account of the delay, within the statutory time, is a compliance with the letter and spirit of the statute; and where this is done the serving of a separate notice prior thereto would be an idle formality and is not required.

**Same:** INSTRUCTIONS. In a suit for damages based upon failure

to deliver a death message, instructions predicating liability upon negligent delay in delivery were not erroneous, where the evidence showed that delivery was made by leaving the notice at the office of plaintiff's employer and it was afterwards discovered and sent to plaintiff by a third party.

**Same:** MENTAL PAIN : RELATIONSHIP.   In a suit for mental pain and suffering arising from the negligent delay of a death message the plaintiff has the burden of proving close relationship, or such facts showing affectionate relations as will give rise to mental pain and suffering; but the court will not, as a matter of law, establish an arbitrary line or degree of relationship as the basis of recovery.

**Same.**   The relationship of the parties need not appear on the face of the message to render the company liable for mental pain resulting from negligent delay in delivering the message.

**Same:** NEGLIGENCE : BURDEN OF PROOF.   The only burden imposed upon the plaintiff in an action for negligent delay in the delivery of a telegram is to show the unreasonable delay, and when this is done the burden of showing want of negligence is upon the defendant.

**Same:** NEGLIGENCE : EVIDENCE.   In this case the question of whether defendant's negligent delay in the delivery of a death message was the proximate cause of plaintiff's inability to attend the funeral of a relative is held to have been for the jury.

**Same:** CONTRIBUTORY NEGLIGENCE.   It is also held under the evidence that plaintiff was not guilty of contributory negligence in failing to ask the relatives of deceased to postpone the funeral that he might be able to attend.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

THURSDAY, JUNE 16, 1910.

ACTION for damages for mental pain and suffering for failure to deliver to plaintiff as sendee a death message. There was a verdict for plaintiff, and judgment thereon. Defendant appeals.—*Affirmed.*

*George H. Fearons, Hewitt, Miller & Wallingford,* and *McNett & McNett,* for appellant.

*W. W. Epps* and *Work & Work,* for appellee.

EVANS, J.—On February 5, 1907, one George Seddon delivered to the defendant at Mystic, Iowa, the following prepaid telegram: "2-5-1907. Mystic, Iowa. To Ralph Seddon, Rutledge, Iowa. Ralph Sims is dead. Funeral here tomorrow. Tell James Seddon. (Signed) George Seddon." This message was received by the defendant's operator at Rutledge at 1:50 p. m. on that day. Rutledge is a small station in the immediate vicinity of a coal mining camp, and its only business is such as is incidental to such camp. Plaintiff was a coal miner, but had been confined to his home with sickness for some weeks, and was so confined on the date in question. The defendant's operator carried the message to the coal office, and made inquiry concerning the sendee, but failed to elicit any information. He "stuck it in a grating at the office" and left it there. The only person in the office was the bookkeeper, Mary Robinson, and it is in dispute in the evidence whether the operator called her attention to the fact that he was leaving the message or not. He testified as a witness that he spoke to her about it, and she testified that she heard no such statement, and did not know that the message was left there. · It was discovered about one o'clock on the next day by one Erskine who inclosed it in an envelope addressed to James Seddon, a son of the plaintiff. James received it the same afternoon, and carried it to the plaintiff who lived a quarter of a mile away. It is claimed by the plaintiff that the failure to deliver the telegram to him on the afternoon of its receipt prevented his attending the funeral which occurred at Mystic forty miles away, and that he suffered great mental pain because thereof.

I. The first ground of reversal pressed upon our attention by the appellant is that the plaintiff failed to

comply with section 2164, in that he never presented

**I. TELEGRAMS: delay in delivery: damages: notice.** to the defendant company any claim in writing for his alleged damages. As against this, it is shown by the plaintiff that he began his action on March 5, 1907, by serving original notice upon the defendant; and that his petition was filed on March 11, 1907, and that his action was brought for the March, 1907, term, which commenced on the 25th day of March, and that the defendant appeared to the action on the 26th day of March.

The question presented for our consideration is whether this state of facts is a sufficient compliance with section 2164 which provides that "no action for the recovery of such damages shall be maintained unless a claim therefor is presented in writing to such company, officer, or agent thereof within sixty days from the time the cause of action accrues." It is the contention of appellant that no action could be brought until after the presentation of the claim in the manner above provided. This argument is based on the analogy of other statutes and our holdings thereon. One of such statutes is section 3528 of the Code which provides that no action on an unliquidated demand against a county shall be "brought until the same has been presented to such board and payment demanded and refused or ignored." We have held that the presentation of a demand under this section is a condition precedent to the right to maintain suit against the county. Sections 1050 and 1051, which relate to suits against special charter cities, require a written verified statement of an alleged injury to be presented and filed with the city recorder within thirty days after the injury, and forbids suit to be brought until thirty days after such filing. We have held that the presentation and filing of such statement thirty days before suit brought was a condition precedent to the bringing of the same. *Ulbrecht v. Keokuk,* 124 Iowa, 1; *Kenyon v. Cedar Rapids,* 124 Iowa, 196.

Upon the analogy of these cases the appellant contends that the same rule should be applied in the construction of section 2164. It will be noted that the language of section 2164 is essentially different from that contained in the other sections referred to. Sections 3528 forbids an action to be *"brought until,"* etc. Section 2164 provides that no action shall be *"maintained unless."* The manifest purpose of section 2164 is that the defendant company shall have timely notice of the claim for damages while the event is recent and the facts are fresh. This object is of course attained by the bringing of the action and the filing of the petition within the sixty-day period provided for by the statute. The statute does not in terms forbid the bringing of the action before the presentation of the claim provided only that the claim be presented wtihin sixty days. If a written claim had been presented simultaneously with the service of the notice, it would undoubtedly have complied with the literal terms of the statute. Nor do we see any reason why such a course should not be deemed as complying with the spirit of the statute.

It is urged by appellant that the presentation of such a claim is intended to perform the function of a demand and to give to the defendant time for investigation before it be subjected to the cost of an action. This argument adds something to the terms of the statute. The presentation of such a claim would undoubtedly operate as a sufficient demand. But the statute does not provide for time to be allowed for investigation before the commencement of the suit. And if we should grant that a demand upon the defendant was due from the plaintiff before the commencement of the suit, the only purpose of such a demand would be to enable the defendant to discharge a conceded liability without the burden of costs. Such a question can become material only where the defendant does concede his liability and is defending only

against liability for costs. But where the defendant appears and denies all liability, as in this case, the question of preliminary demand involves only, a naked formality which can affect the substantial rights of neither party. Our conclusion is that the manifest purpose of section 2164 is to require prompt claim on the part of claimants, and 'to require such claim to be brought to the attention of the company within the statutory period in order that it may have the benefit of an investigation of the circumstances while the facts are fresh and ascertainable. We can not avoid the conclusion that the serving of an original notice and the filing of the petition within the sixty days is a compliance with both the letter and the spirit of the statute so far as the claim set forth in the petition is concerned. To have presented a separate claim a few moments before the serving of the original notice or simultaneously therewith would have been a formality so idle and without purpose that we ought not to say that such requirement was implied by the statutes in the absence of express provision to that effect.

II. It is next urged that the charge in the petition was that the defendant had *failed* to deliver the telegram, whereas the disclosure of the testimony was that it had only delayed the delivery of such telegram.

2. SAME: instructions.

This alleged discrepancy is urged upon us as having a twofold significance. It is first urged that this was sufficient to defeat the availability of the petition as a substitute for the written presentation of a claim provided for by section 2164. It is further urged that the petition in this form furnished no basis for such instructions by the trial court as permitted the jury to consider whether the defendant was , guilty of negligent delay in the delivery of such message. The detailed facts with reference to defendant's failure as to delivery have already been stated. In a technical sense the defendant did fail to deliver such message by

the undisputed testimony. The placing of the message in a wire grating was not a delivery. The fact, however, remains that through the accidental discovery of the message by a third person who owed no duty to either party, the belated message did reach the plaintiff. This fact answered every purpose of an actual delivery as of such time and it was quite immaterial whether such delivery was made by an authorized agent of the company or by a volunteer. Nor do we deem it material to determine the terminology that should be applied to the miscarriage at this point. All *negligent delay* is a *failure to deliver* for the time being. The liability of the defendant is necessarily predicated upon its negligence, if any, and the damages proximately resulting from such negligence. The question of its negligence must be determined from the detailed facts and we see no merit in the distinction pressed upon us at this point.

III. It is next urged that the relationship of uncle and nephew is not sufficient to sustain a claim for damages for mental pain and suffering, and that such rule has been laid down in two or three other states, notably in Texas. We are unable to see any logical ground upon which an arbitrary line or degree of relationship should be established as a matter of law as furnishing the only basis for recovery in cases of this kind. Undoubtedly the burden is upon the plaintiff in all cases to plead and to prove either a close relationship, or such other facts showing such close and affectionate relations as to give rise to the mental pain and suffering upon which the claim for damages is predicated. In this case plaintiff pleaded facts quite fully and introduced evidence in support of his allegations. While the relationship between plaintiff and deceased and their mutual interest in each other might be so remote as to require the court in some cases to

3. SAMES: mental pain: relationship.

nonsuit the plaintiff for that reason, we do not think such a case is presented here.

It is also urged that the fact of relationship should have appeared upon the fact of the telegram in order to charge the defendant with notice. This would be a harsh rule indeed. In their very nature, telegrams are brief. They are framed for the purpose only of conveying the desired intelligence to the sendee. They are usually sent without preamble. The message involved herein did disclose on its face that it was a death message. We have heretofore held this to be sufficient to charge the defendant with notice. *Potter v. Telegraph Co.,* 138 Iowa, 410.

4. SAME.

IV. It is next urged that "the evidence fails to show that defendant was guilty of negligence as charged in the petition." In support of this point it is first argued that the petition urged *"failure"* to deliver and not a *"delay"* in delivery. We have already discussed this question.

It is further urged that the defendant company transacted no commercial telegraph business at Rutledge and that it had no facilities there for the same and that the business was necessarily done by the station agent who had other duties to perform that were as pressing if not more so than the delivery of the telegram in question; and it is urged that no negligence was proved. It is sufficient answer to this position to say that the only burden laid upon the plaintiff under the statute was to prove an unreasonable delay in the delivery of the telegram. This being done, the burden was upon the defendant to prove want of negligence. The case in this respect was submitted to the jury upon proper instructions and no complaint is made against these instructions. The question of negligence was clearly one of fact, and the burden of proving the negative was upon the defendant. The find-

5. SAME: negligence: burden of proof.

ing of the jury, therefore, was quite conclusive upon that question.

V. It is next urged that the failure to receive the telegram was not the proximate cause of the failure of the plaintiff to attend the funeral. To our minds this presents the most doubtful question in the case. The plaintiff had been confined to his house by illness since Christmas. Much of that time he was confined to his bed. He was affected with rheumatism and neuralgia. His confinement to the house continued for several weeks subsequent to the 5th of February. If he had received the telegram promptly he could not have arrived at Mystic by any regular train without walking a mile and a half or more to a distant point. He and his wife testified, however, as witnesses, that on the 5th of February he had fully convalesced, and that he was about to go to work, and that he was so shocked by the telegram that he was "shot to pieces," and was therefore confined to his house for some weeks longer. They testified also that it was his inability to attend the funeral that was the prime cause of his relapse. If the question were before us as one of fact, we would feel bound to quite disregard this testimony, and to hold that there was no sufficient proof that the defendant's alleged negligence was the proximate cause of plaintiff's failure to attend the funeral. Under the evidence, however, such as it was, the question was one within the province of the jury, and we see no way whereby we can properly disturb the verdict.

The verdict of $500 was reduced by the trial court to $300, and no complaint is made of the size of the reduced verdict if the plaintiff was entitled to any verdict at all. If the trial court in the exercise of its discretion had set the verdict aside and granted a new trial on this ground, we should have had no hesitancy in sus-

6. SAME: negligence: evidence.

taining the order. Under the record, however, we think we can not properly interfere with the order as made.

VI. Lastly it is urged by apparent that the plaintiff was guilty of contributory negligence. The argument is that upon the actual receipt of the telegram he could have telegraphed to his sister, the mother of the deceased boy, and asked her to postpone the funeral until he could come. The funeral was to take place at Mystic which was twelve miles distant from the home of the deceased and his mother. . If such a telegram had been sent it could have reached the mother only after she had arrived at Mystic in the funeral procession, and she could have complied with its request only by postponing the further progress of the funeral arrangements until the next day. What effect such a course might have upon the plans of others in attendance at the funeral does not appear. The propriety of such a telegraphic request as between the plaintiff and his sister might well be the subject of reflection on his part, and it is quite a strained assumption to say that such a course would have relieved the plaintiff of all mental pain and suffering by reason of the delay in the delivery of his telegram. We are unable to see any merit in this contention and the trial court properly refused to submit such question to the jury. No other questions are presented on the record for our consideration.

7. SAME: contributory negligence.

We find no error, and the judgment below must therefore be *affirmed.*